IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:25-CR-00137-M

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEFFREY BRYANT CHAMPION,

    Defendant.

ORDER

This matter comes before the court upon its review of Defendant's February 19, 2026, sentencing hearing. DE 52. At that hearing, the court "adopt[ed] and impose[d] the applicable special conditions of supervision referenced in the Presentence Report." Trans. at 51. The Presentence Report contained twenty such special provisions. DE 40 at ¶¶ 89–108. However, the court inadvertently omitted three provisions when it announced each provision. Trans. at 53–57. Defendant did not object to those three conditions, and the court confirmed that fact. Trans. at 3–5. Additionally, the court did not set a schedule of payments for Defendant's restitution. Trans. at 56, 57.

"[S]o long as the defendant is informed orally that a certain set of conditions will be imposed on his supervised release . . . then a later-issued written judgment that details those conditions may be construed fairly as a clarification of an otherwise vague oral pronouncement." *United States v. Rogers*, 961 F.3d 291, 299 (4th Cir. 2020) (internal quotations omitted) (citation omitted). "A sentencing court is entitled to incorporate, during the oral sentencing proceedings, a written list of discretionary conditions of supervised release, such as the recommendations of conditions of release that have been spelled out in the defendant's PSR." *United States v. Smith*,

117 F.4th 584, 604 (4th Cir. 2024). Because the court expressly "incorporate[ed]" the "written list" of special conditions in the presentence report, *see id.*, its later omission of the three conditions was merely a "vague oral pronouncement" that the court may now "clarify," *see Rogers*, 961 F.3d at 299. Accordingly, the court's oral pronouncement is CLARIFIED to include the following three special conditions of supervision:

> The defendant shall not use, possess, or control any computer-based counter forensic tools. The defendant shall not use or have installed any programs specifically and solely designed to encrypt data, files, folders, or volumes of any media. The defendant shall, upon request, immediately provide the U.S. Probation Officer with any and all passwords required to access data compressed or encrypted for storage by any software.

> The defendant shall not be employed in any position or participate as a volunteer in any activity that involves direct or indirect contact with children under the age of eighteen (18) without written permission from the U.S. Probation Officer. Under no circumstances may the defendant be engaged in a position that involves being in a position of trust or authority over any person under the age of eighteen.

> The defendant shall not possess any legal or illegal pornographic material, nor shall the defendant enter any location where such materials can be accessed, obtained, or viewed, including pictures, photographs, books, writings, drawings, videos, or video games.

Regarding the schedule of payments for Defendant's restitution, under Rule 35 of the Federal Rules of Criminal Procedure, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from . . . clear error." Fed. R. Crim. P. 35(a). Pursuant to Rule 35, the court CORRECTS its oral sentence to impose the following schedule of payments:

> Payment of restitution shall be due and payable in full immediately. However, if the defendant is unable to pay in full immediately, the special assessment and restitution may be paid through the Inmate Financial Responsibility Program (IFRP). The court orders that the defendant pay a minimum payment of $25 per quarter through the IFRP, if available. The court, having considered the defendant's financial resources and ability to pay, orders that any balance still owed at the time of release shall be paid in installments of $200 per month to begin 60 days after the defendant's release from prison. At the time of the defendant's release, the probation officer shall take into consideration the defendant's ability to pay the

2

restitution ordered and shall notify the court of any needed modification of the payment schedule.

SO ORDERED this ___24th___ day of February, 2026.

Richard E Myers II

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

3